# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LONGITUDE LICENSING LIMITED, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.2:23-CV-00515-JRG-RSP |
| | § | |
| BOE TECHNOLOGY GROUP CO., LTD., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

# DEFENDANT BOE TECHNOLOGY GROUP CO., LTD.'S MOTION TO DISMISS OR QUASH BASED ON INSUFFICIENT SERVICE OF PROCESS

## <u>TABLE OF CONTENTS</u>

**Page**

I.     Introduction..................................................................................................................1

II.    Background ..................................................................................................................1

III.   Legal Standard ............................................................................................................2

IV.    Longitude's Attempted Service on BOE Was Deficient…………………………………..4

    A.     Longitude Did Not Directly Serve BOE via the Hague Convention .....................5

    B.     Longitude Did Not Move for Leave to Effect Alternative Service .......................5

    C.     Longitude Did Not Indirectly Serve BOE .........................................................6

    D.     Longitude's Mistaken View of Case Law ........................................................11

V.     Conclusion ................................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*,
    No. 2:21-cv-173-JRG, 2023 WL 6606722 (E.D. Tex. Oct. 6, 2023) .......................................8

*Arigna Tech. v. Bayerische Motoren Werke AG*,
    No. 2:21-cv-172-JRG, Dkt. No. 168 (E.D. Tex. Jan. 20, 2022) .................................3, 8, 9, 10

*Atlas Global Techs. LLC v. TP-Link Techs. Co., Ltd.*,
    No. 2:21-cv-430-JRG-RSP, Dkt. No. 21 (E.D. Tex. Mar. 8, 2022) .........................................6

*Atlas Global Techs. LLC v. TP-Link Techs. Co., Ltd.*,
    No. 2:21-cv-430-JRG-RSP, 2022 WL 18584501 (E.D. Tex. Dec. 28, 2022) .........................7

*Blue Spike, LLC v. ASUS Computer Int'l, Inc.*,
    No. 6:16-cv-1384-RWS-KNM, 2018 WL 3301705 (E.D. Tex. Feb. 20, 2018) ......................4

*Carimi v. Royal Caribbean Cruise Line, Inc.*,
    959 F.2d 1344 (5th Cir. 1992) ...............................................................................................3

*Element Capital Com. Co. v. BOE Tech. Grp. Co.*,
    No. 2:22-cv-118-JRG, 2022 WL 4368162 (E.D. Tex. Sep. 21, 2022) ..................................4, 6

*Gravely Motor Plow & Cultivator Co. v. H. V. Carter Co.*,
    193 F.2d 158 (9th Cir. 1951) .................................................................................................4

*Halo Elecs., Inc. v. Bel Fuse Inc.*,
    2010 WL 2605195 (N.D. Cal. June 28, 2010) ........................................................................9

*Jim Fox Enters., Inc. v. Air France*,
    664 F.2d 63 (5th Cir. 1981) ..................................................................................................12

*Jones v. James Trading Co. Ltd.*,
    2019 WL 6354392 (C.D. Cal. Jul. 3, 2019).........................................................................11

*Lisson v. ING Groep N.V.*,
    262 Fed. App'x 567 (5th Cir. 2007) ......................................................................................4

*Murphy Bros. v. Michetti Pipe Stringing*,
    526 U.S. 344 (1999)................................................................................................................3

*Network Sys. Techs., LLC v. Samsung Elecs. Co., Ltd.*,
    No. 2:22-cv-481-JRG, Dkt. No. 32 (E.D. Tex. Apr. 6, 2023) .................................................5

*Nuance Comm's, Inc. v. Abbyy Software House,*
  626 F.3d 1222 (Fed. Cir. 2010)..................................................................4

*Sheets v. Yamaha Motors Corp., U.S.A.,*
  891 F.2d 533 (5th Cir. 1990) ....................................................................3

*SKC Kolon PI, Inc. v. Kaneka Corp.,*
  2010 WL 11553177 (C.D. Cal. Nov. 18, 2010)........................................11

*Special Indus., Inc. v. Zamil Grp. Holding, Co.,*
  578 Fed. App'x 325 (5th Cir. 2014) ..........................................................4

*Vista Peak Ventures, LLC v. Hisense Co., Ltd.,*
  No. 2:21-cv-262-JRG, 2023 WL 1992566 (E.D. Tex. Feb. 14, 2023) ...................12

*Volkswagenwek Aktiengesellshaft v. Schlunk,*
  486 U.S. 694 (1988)................................................................................3, 5

**State Cases**

*Cosper v. Smith & Wesson Arms Co.,*
  346 P.2d 409 (Cal. 1959)......................................................................8, 10

*Yamaha Motor Co., Ltd. v. Superior Court,*
  94 Cal. Rptr. 3d 494 (Cal. Ct. App. 2009) ................................................9

**State Statutes**

Cal. Corp. Code § 2110.................................................................................7, 11

California Code of Civil Procedure § 416.10 ....................................................7

Tex. Bus. Orgs. Code Ann. §§ 5.201, 5.251-5.255.........................................3, 6

**Rules**

Fed. R. Civ. P. 4 ............................................................................... *passim*

Fed. R. Civ. P. 12(b)(5)...............................................................................1, 2

**STATEMENT OF ISSUES TO BE DECIDED BY THE COURT
PURSUANT TO LOCAL RULE CV-7(A)(1)**

1.     Whether the Court should dismiss this patent case under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process because Plaintiff Longitude Licensing Limited failed to serve Defendant BOE Technology Group Co., Ltd., a foreign company, pursuant to the Hague Convention, and did not request leave to effect service by alternative means.

2.     Alternatively, whether the Court should quash Longitude's improper service attempt on an entity Longitude has not shown to be the registered agent of a domestic subsidiary of BOE.

## I.    INTRODUCTION

Defendant BOE Technology Group Co., Ltd. ("BOE") respectfully requests dismissal of this case pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, or, alternatively, to quash the service of summons.  Despite this Court having recognized in other cases that a foreign entity like BOE should be served via the Hague Convention, Plaintiff Longitude Licensing Limited ("Longitude") claims that it validly served BOE via its "general manager" in California by delivering a summons on the *former* registered agent of non-party BOE Technology America, Inc. ("BOEA") without moving to effectuate service by alternative means. Such service is improper.  The Court should reject Longitude's attempts to circumvent service law.

## II.    BACKGROUND

Longitude filed its Complaint in this action on November 8, 2023, naming BOE Technology Group Co., Ltd.  (Dkt. No. 1.)  Longitude alleges in the Complaint that BOE is a company organized and existing under the laws of China, having a principal place of business at No. 12, Xihuanzhong Road, BDA, Beijing, 100176, China.  (*Id.* at ¶ 6.)  On November 30, 2023, Longitude filed a return of executed service of summons purportedly on the registered agent of non-party BOE Technology America, Inc. ("BOEA").  (Dkt. No. 11.)  On December 14, 2023, the summons in this case was reissued to list "BOE Technology Group Co., Ltd. 12 Xihuanzhong Rd, BDA, Beijing, 100176, P.R. China."  (Dkt. No. 12.)

BOE has no registered agent for service of process in Texas, California, or anywhere in the U.S., and is not required to designate one.  BOE does not have any managing agents located in the State of Texas or California.  Li Decl. at ¶¶ 6-7.  BOE does not maintain an office or mailing address in the State of Texas or California, and does not own real property there.  *Id.*  BOE has not filed or been obligated to file a tax return or pay taxes in the State of Texas or California.  *Id.*  BOE does not have any bank accounts or other assets in the State of Texas or California.  *Id.*  BOE has

1

not authorized or appointed any entity to act as its agent for accepting service of process of lawsuits in the State of Texas or California.  *Id.*

BOE *does* have ownership interests in a number of subsidiaries, which engage in business activities in different parts of the world, including the U.S.  *Id.* at ¶ 8.  For example, BOE has ownership interest in various intermediate companies, one of which owns BOEA.  BOEA is incorporated in California and has its principal place of business at 2350 Mission College Blvd., Ste. 840, Santa Clara, CA 95054.  *Id.*  BOEA's registered agent is CSC Global, which has an office address at 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833.  Gu Decl. at ¶ 6.

BOEA is a small company with a few dozen employees in the U.S., including its CEO and directors.  BOEA's main business is to provide technical and pre-sale service to U.S. customers of BOE.  *Id.* at ¶ 8.

BOE does not direct or control the day-to-day operations or management of BOEA.  *Id.* at ¶ 7; *see also* Li Decl. at ¶ 9.  Rather, the day-to-day business management and financial operations of BOEA and BOE are directed and controlled by each company's own managers.  Gu Decl. at ¶ 7.  BOEA and BOE have their own CEO and Board of Directors, who bear overall responsibility for management and governance of the respective companies.  *Id.*  BOEA and one of BOE's non-U.S. subsidiaries have entered into a service contract providing that BOEA may perform certain sales services according to a defined policy.  *Id.*  All sales contracts and product orders ("POs"), however, are negotiated and signed *not* with BOEA, but with BOE or another intermediate entity.  Li Decl. at 9.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows a party to challenge service of process if that service does not comply with Federal Rule of Civil Procedure 4.  *See* Fed. R. Civ. P. 12(b)(5).  Absent service, a court "ordinarily may not exercise power over a party the complaint names as a

defendant." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999).  Once a defendant

has challenged service, plaintiff bears the burden to establish a showing of proper service to avoid

dismissal.  *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

The Federal Rules set forth the requirements for serving a corporation, and they draw a

distinction between domestic and foreign service.  Namely, Rule 4(h) contemplates two scenarios:

service on a foreign corporation made (1) at a place within a judicial district of the United States;

or (2) at a place outside the United States.  Fed. R. Civ. P. 4(h)(1)-(2).  *Arigna Tech. v. Bayerische*

*Motoren Werke AG*, No. 2:21-cv-172-JRG, Dkt. No. 168 at 6 (E.D. Tex. Jan. 20, 2022) ("*Arigna*

*-172*").

In the former scenario, domestic service can be executed "in the manner prescribed by Rule

4(e)(1) for serving an individual," or by delivering a copy of the summons "to an officer, a

managing or general agent, or any other agent authorized . . . to receive service of process."  Fed.

R. Civ. P. 4(h)(1).  Rule 4(e)(1) authorizes service when the plaintiff "follow[s] state law for

serving a summons in an action brought in courts of general jurisdiction in the state where the

district court is located or where service is made."  Under the law of Texas, where this District

Court is located, a corporation may be served through the corporation's registered agent, president,

or vice president, or, if the corporation does business in the state and fails to maintain a registered

agent, a plaintiff may serve the Texas Secretary of State instead.  *See* Tex. Bus. Orgs. Code Ann.

§§ 5.201, 5.251-5.255.

In the latter scenario, under Rule 4(h)(2), service on a foreign corporation may be made

directly on that corporation outside the U.S. "in any manner prescribed by Rule 4(f) for serving an

individual, except personal delivery under (f)(2)(C)(i)."  *Sheets v. Yamaha Motors Corp., U.S.A.*,

891 F.2d 533, 537 (5th Cir. 1990); *Volkswagenwek Aktiengesellshaft v. Schlunk*, 486 U.S. 694

3

(1988).  As this Court has found, the Court may authorize alterative service under Rule 4(f)(3) "by other means not prohibited by international agreement," but the Court must be mindful that the Rule "was not meant to displace the other rules for service in every instance in which alternative means of service are seen as more convenient."  *Element Capital Com. Co. v. BOE Tech. Grp. Co.*, No. 2:22-cv-118-JRG, Dkt. No. 10 at 3, 2022 WL 4368162, at *2 (E.D. Tex. Sep. 21, 2022) (quoting *Nuance Comm'cs, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010)).

Some courts in this District find it useful to distinguish between direct service, such as that described above, and indirect service.  *See Blue Spike, LLC v. ASUS Computer Int'l, Inc.*, No. 6:16-cv-1384-RWS-KNM, Dkt. No. 37, 2018 WL 3301705, at *3 (E.D. Tex. Feb. 20, 2018).  In some narrow circumstances, indirect service via a domestic subsidiary may be appropriate, for example, when the foreign defendant has "actually authorized the subsidiary to accept service of process on its behalf," or if "the relationship between the subsidiary and parent is such that they are in reality the same corporation."  *Lisson v. ING Groep N.V.*, 262 Fed. App'x 567, 569 (5th Cir. 2007); *Special Indus., Inc. v. Zamil Grp. Holding, Co.*, 578 Fed. App'x 325, 332 (5th Cir. 2014). As is widely recognized (in this Circuit and others), an entity's status as a subsidiary does not automatically confer the legal ability to accept service of process on behalf of a foreign parent. *Lisson*, 262 Fed. App'x at 570; *see also Gravely Motor Plow & Cultivator Co. v. H. V. Carter Co.*, 193 F.2d 158, 161 (9th Cir. 1951).

## IV.    LONGITUDE'S ATTEMPTED SERVICE ON BOE WAS DEFICIENT

This Court lacks jurisdiction over BOE because BOE was not properly served with the Complaint.  Longitude has not achieved service either directly or indirectly, nor has Longitude even bothered to move for leave to effect alternative service under Rule 4(f)(3).  Instead, Longitude opted to short-circuit this Court's typical procedure by attempting to serve non-party BOEA in

4

California without requesting leave to do so.  Even then, however, it failed to serve BOEA properly because it delivered the summons and Complaint to the wrong registered agent.

### A.      Longitude Did Not Directly Serve BOE via the Hague Convention

Rule 4(h), by reference to Rule 4(f), requires that service upon a foreign corporation be effected by internationally agreed means reasonably calculated to give notice, such as that authorized by the Hague Convention.  Fed. R. Civ. P. 4(f).  The Supreme Court has made clear that the Hague Convention applies where service of process requires transmission of documents internationally.  *Schlunk*, 486 U.S. at 699.  Indeed, the Supreme Court has emphasized that in all cases in which the Hague Convention applies, the Supremacy Clause preempts inconsistent methods of service.  *Id.*  If the foreign country in which service is to take place is a signatory to the Hague Convention (such as China), that agreement controls.  Fed. R. Civ. P. 4(f)(1).

Here, Longitude has not shown that it served BOE through the Hague Convention, nor even attempted to do so.  Ex. A (A. Fahrenkrog message of 12/13/2023).

### B.      Longitude Did Not Move for Leave to Effect Alternative Service

Not only has Longitude failed to serve BOE by formal means, such as through the Hague Convention, it failed to move for leave to effect alternative service under Rule 4(f)(3).  Longitude made no other attempts to serve BOE under normal channels and instead resorted immediately to attempting service on non-party BOEA.

As this Court has found, failure to request leave to effect service on a U.S. subsidiary of a foreign entity can doom an attempt that might have otherwise been proper had the Court granted leave to do so.  *Network Sys. Techs., LLC v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-481-JRG, Dkt. No. 32 at 4 (E.D. Tex. Apr. 6, 2023) (rejecting plaintiff's request to perfect service upon a U.S. subsidiary when "Plaintiff has not attempted to secure formal service on Lenovo under the Hague Convention.").

This Court has expressed disapproval for a plaintiff "attempting to bypass formal service under the Hague Convention" in previous cases where BOE was a defendant.  *Element Capital*, 2022 WL 4368162, at *3.  In *Element Capital*, the Court also noted that "delay associated with service through the Hague Convention alone" is not enough to justify a grant of alternative service. *Id.* at *3 n.1.  Further, beyond delay and expense, the Court typically looks to a plaintiff's efforts in attempting to effectuate service by other means before determining whether service on a domestic subsidiary is appropriate.  *See Atlas Global Techs. LLC v. TP-Link Techs. Co., Ltd.*, No. 2:21-cv-430-JRG-RSP, Dkt. No. 21 at 6 (E.D. Tex. Mar. 8, 2022) (noting plaintiff's "multiple attempts" to effectuate service that were thwarted by defendant).  Here, Longitude has cited no delay or expense, nor can it because Longitude chose to do precisely what this Court ordinarily disapproves of: it bypassed formal service and immediately attempted service on a non-party, without asking for leave.  The Court should not countenance Longitude's attempt to circumvent the normal practice in this Court.

## C.      Longitude Did Not Indirectly Serve BOE

Longitude claims that it validly served BOE via a U.S. subsidiary, BOEA, by personally delivering the summons and Complaint to "Jane Doe - Authorized [sic] to Accept/Person in Charge" at "5681 Beach Blvd Ste 200 Buena Park, CA 90621."  (Dkt. No. 11.)  However, Longitude's attempt does not constitute indirect service on BOE.  Nor does it constitute service on BOEA because at the time of attempted service (Nov. 30, 2023), BOEA had designated its registered agent as CSC Global in Sacramento, not Yohan Lee in Buena Park.

Longitude did not serve BOE's registered agent, president, or vice president, as required by Texas law.  Longitude also has not shown that it served the Texas Secretary of State.  Tex. Bus. Orgs. Code Ann. §§ 5.201, 5.251-5.255.

6

The location where Longitude did attempt service, "5681 Beach Blvd" in Buena Park, California, is an office building housing the law office of Yohan Lee, the Korea Franchise Associate, Allstar Professional Services, J & K PLC, and LinkOne, among others.  Gu Decl. at ¶ 9.  Assuming that service was made at the office of Yohan Lee, it was not effective on BOE because Yohan Lee is not BOE's registered agent for service of process, nor is BOE aware of any entity at 5681 Beach Blvd who is BOE's registered agent.[1]  Indeed, BOE has no registered agent for accepting service of process of lawsuits in Texas or California because it has no presence there.  Li Decl. at ¶¶ 6-7.  Moreover, Yohan Lee is not even *BOEA's* registered agent.  Before Longitude attempted service, BOEA designated its registered agent as CSC Global. Gu Decl. at ¶¶ 6, 9.

Longitude argues it can circumvent the normal channels for service of process because it served BOE's "general manager."  Ex. A.  Even if Longitude had delivered the summons and Complaint to BOEA's registered agent (which it did not), Longitude's position appears to be based on a mistaken reliance on California Code of Civil Procedure section 416.10, which provides that service on a corporation may be made "[i]f authorized by any provision in Section . . . 2110 . . . of the Corporations Code . . ., as provided by that provision."  Cal. Civ. P. Code § 416.10(d).  Section 2110, in turn, provides that service on a foreign corporation is valid if a copy of process is delivered by hand "to any officer of the corporation or its general manager in this state."  Cal. Corp. Code § 2110.

This Court has not endorsed the practice of attempting service upon non-party domestic subsidiaries as the primary means of serving a foreign entity.  Rather, the Court has found that service upon a domestic subsidiary *might* be appropriate in some circumstances, and in such circumstances would be *consistent* with the Hague Convention and Rule 4(e)(1).  *See Atlas Global*

---

[1] Longitude's service attempt was made on a female (*see* Dkt. No. 11 at 1), but Yohan Lee is male.

*Techs. LLC v. TP-Link Techs. Co., Ltd.*, No. 2:21-cv-430-JRG-RSP, Dkt. No. 92 at 8, 2022 WL 18584501, at *5 (E.D. Tex. Dec. 28, 2022).  Even if the Court were to apply California law in analyzing Rule 4(e)(1), Longitude's service attempt was deficient because neither Yohan Lee nor BOEA are BOE's "general manager" for service of process in the U.S.

The California Supreme Court has identified a "general manager" for service of process as an agent who (1) is "of sufficient character and rank to make it reasonably certain that defendant would be apprised of the service" and (2) has "given [the defendant] substantially the business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents in the state."  *Cosper v. Smith & Wesson Arms Co.*, 346 P.2d 409, 413-14 (Cal. 1959).  This Court has found, in some cases, that a foreign manufacturer's domestic subsidiary, who is the exclusive importer and distributor of that manufacturer, can be a "general manager" under California law.  *Arigna -172*, slip op at 9-10; *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-cv-173-JRG, Dkt. No. 90 at 8-10, 2023 WL 6606722, at *4-*5 (E.D. Tex. Oct. 6, 2023) ("*Arigna -173*").

Here, however, the relationship between BOEA and BOE is far different from that of Smith & Wesson and its California distributor, as in *Cosper*, and further still from BMW AG and its exclusive domestic supplier and subsidiary BMW NA, as in the *Arigna* cases.  For example, BOEA is not a distributor of BOE, nor is it a distributor of *any* company's products for the simple reason that BOEA does not sell products.  Gu Decl. at ¶ 10.  Rather, commercial distribution of products that Longitude accuses to infringe occurs entirely outside the U.S. and does not involve BOEA.  *Id.* at ¶12.  In some commercial arrangements, for example, BOE may distribute goods by shipping its products (which are interim products, not finished goods) to customers' Original Equipment Manufacturers ("OEMs") or to hubs that customers designate.  Li Decl. at ¶ 10.  Notably, these

8

hubs and OEMs are all located outside the U.S.  *Id.*  BOEA does not manage sales or advertising activities for BOE, and BOEA does not earn commissions on sales made by BOE to U.S. customers.  Gu Decl. at ¶ 10.  Far from actively engaging in an exclusive distributor relationship, BOEA has the limited role of providing technical and pre-sale service to U.S. customers of BOE. *Id.*

In *Arigna -172*, the Court found that BMW AG's domestic subsidiary, BMW NA, was the foreign entity's "point of contact within the United States for product development, product and warranty support, and the provision of English product manuals to customers."  *Arigna -172*, slip op. at 8-9.  The Court also found important BMW NA's safeguarding and promotion of BMW's trademarks and the BMW brand to such a degree that BMW NA was considered BMW AG's agent with respect to trademark matters.  *Id.* at 9.  Further, the Court remarked on BMW NA's indemnification of BMW centers (i.e., car dealerships) for defects in products manufactured by BMW AG.  *Id.*  But here, BOEA does none of these things.  BOEA is not BOE's point of contact within the U.S. for product development, warranties, or the provision of English product manuals or specifications.  Gu Decl. at ¶ 11.  Nor does BOEA have a duty to act as BOE's agent for trademarks, or to provide indemnification for BOE products.  *Id.*  As Longitude's Complaint acknowledges, LCD modules that BOE may sell are interim products that are incorporated into devices for eventual sale to end users.  (Dkt. No. 1 at ¶ 26.)  BOE's products which are alleged to infringe the Asserted Patents are not finished goods.  Thus, there are no "user manuals" like those in *Arigna* that would require localization by a local subsidiary.  But to the extent an English version product specification may be found to be analogous, even those are not prepared by BOEA, but are instead prepared by BOE in China.  Li Decl. at ¶ 11.

Next, Longitude has not shown there is "ample regular contact" between BOE and BOEA such that BOEA is reasonably likely to apprise BOE of service of process.  *Halo Elecs., Inc. v. Bel Fuse Inc.*, 2010 WL 2605195, at *2 (N.D. Cal. June 28, 2010); *see also Yamaha Motor Co., Ltd. v. Superior Court*, 94 Cal. Rptr. 3d 494, 501 (Cal. Ct. App. 2009).  Unlike in cases where California courts have found a "general manager" relationship, BOEA does not have an exclusive arrangement to sell BOE's products, provide warranty service and English owner manuals, perform testing, marketing, and receive complaints about BOE's products.  *See* Li Decl. at ¶ 11; Gu Decl. at ¶ 11.  As the *Cosper* court explained, "the essential factor is that [the domestic entity] in his selling and advertising activities was performing services for [the foreign entity] and providing it with the opportunity for 'regular contact with its customers and a channel for a continuous flow of business into the state.'"  *Cosper*, 346 P.2d at 414.  Here, BOEA's activities are not performed to provide a continuous flow of business into the state of California.

Moreover, BOEA has no management responsibilities over the allegedly infringing activities of BOE at issue in this lawsuit.  Longitude has accused BOE of patent infringement based on BOE's alleged making, using, offering to sell, and/or importing of LCD panels and/or modules in the U.S. that are incorporated into third-party devices, such as LCD TVs and monitors made by LG and LCD monitors made by HP.  (Dkt. No. 1 at ¶¶ 3, 31-33, 44).  BOEA has no involvement, much less management responsibilities, as to these activities.  For example, BOEA is not involved in the design and incorporation of LCD panels or modules of the allegedly infringing products.  Gu Decl. at ¶ 12.  Nor is BOEA involved in the importing, distributing, or selling of allegedly infringing products.  *Id.*  Unlike the *Arigna* cases, BOEA is not the "exclusive importer and distributor of [BOE] products in the United States."  *Arigna -172*, slip op. at 10.  Thus, BOEA is not "of sufficient character and rank to make it reasonably certain that [BOE] would be apprised

of the service of process" in this particular matter.  *Cosper*, 346 P.2d at 413-14.  Longitude appears

to acknowledge this by requesting reissuance of the summons in this case to list solely Defendant

"BOE Technology Group Co., Ltd." at "12 Xihuanzhong Rd, BDA, Beijing, 100176, P.R. China"

(without "c/o BOE Technology America, Inc." or "c/o Yohan Lee" and corresponding addresses

in California).  (*Compare* Dkt. No. 10 *with* Dkt. No. 12.)

### D.    Longitude's Mistaken View of Case Law

Longitude's position appears to be that a domestic subsidiary is automatically a "general

manager" for a foreign corporation.  But in *SKC Kolon PI, Inc. v. Kaneka Corp.*, 2010 WL

11553177, at *1-2 (C.D. Cal. Nov. 18, 2010), a California court applying California law rejected

this position in an analogous situation.  There, the domestic subsidiary's registered agent did not

qualify as a Section 2110 "general manager" of a Japanese parent entity because the subsidiary's

activities were focused on another state, namely, Texas.  *SKC Kolon*, 2010 WL 11553177, at *3;

*see also Jones v. James Trading Co. Ltd.*, 2019 WL 6354392 (C.D. Cal. Jul. 3, 2019).

Here, like the domestic subsidiary in *SKC Kolon*, BOEA has business activities focused

elsewhere, not just California.   For example, BOEA's major responsibilities include

communicating with clients all around the U.S. and providing technical support when requested.

Gu Decl. at ¶ 8.  Further, contrary to Longitude's allegations in paragraph 28 of the complaint,

BOEA no longer has a Texas office.  While at one time BOEA had offices in Houston, Texas and

San Diego, California, BOEA currently has offices only in Santa Clara, California, Detroit,

Michigan, and Boston, Massachusetts.  *Id.* at ¶ 13.  Thus, the work of BOEA, while being managed

from its offices in California, Michigan, or Massachusetts, focuses on various locations in the U.S.,

including Texas.  As explained above, the operations of BOEA are detached from any operations

of BOE that led to this lawsuit, *supra* at 10, but the operations that BOEA *does* engage in are

spread around the U.S. and include activities in Texas.  Using the same reasoning that the court

applied in *SKC Kolon*, the Court here should find that "because [BOEA]'s business activities are focused elsewhere, . . . [BOEA] cannot be [BOE]'s 'general manager in this state.'" *SKC Kolon*, 2010 WL 11553177, at *3.

Additionally, there is no per se rule in this Court that service on a domestic subsidiary is sufficient to extend to a foreign entity.  The Court has recognized the significant complexities in evaluating whether a domestic entity is a "managing or general agent" capable of accepting service for a foreign parent, and typically, the Court weighs a plaintiff's previous attempts in effecting service abroad prior to determining whether to allow service on a domestic entity.  *See Vista Peak Ventures, LLC v. Hisense Co., Ltd.*, No. 2:21-cv-262-JRG, Dkt. No. 47 at 6, 2023 WL 1992566, at *3 (E.D. Tex. Feb. 14, 2023) (citing *Jim Fox Enters., Inc. v. Air France*, 664 F.2d 63, 64 (5th Cir. 1981)).  The Court has not adopted any rule that a subsidiary is a "general manager" of a foreign parent simply by virtue of existing in the U.S.

Accordingly, despite Longitude's creative efforts to avoid established service law, Longitude has not effectuated service on BOE by its single service attempt on the outdated former registered agent of a subsidiary in another state.

## V.    CONCLUSION

Longitude's complaint makes patent infringement accusations against BOE, located in China, but the summons was purportedly served on the former registered agent of non-party BOEA in California, without any attempt by Longitude to first attempt service on BOE by traditional means or move for alternative service.  This is improper under the Federal Rules.  Accordingly, BOE respectfully moves the Court to dismiss this action for insufficient service or to quash the service.

Dated: December 21, 2023

Respectfully submitted,

*/s/ Eric H. Findlay*
James R. Barney (LEAD) (*pro hac vice* forthcoming)
Qingyu Yin (*pro hac vice* forthcoming)
Ryan T. Davies (DC Bar No. 1686044)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Ave., N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400
Email: james.barney@finnegan.com
Email: qingyu.yin@finnegan.com
Email: ryan.davies@finnegan.com

Eric H. Findlay (TX Bar No. 00789886)
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

*Counsel for Defendant BOE Technology Group Co., Ltd.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 21, 2023, I caused the foregoing **MOTION TO DISMISS OR QUASH BASED ON INSUFFICIENT SERVICE OF PROCESS** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.


*/s/ Eric H. Findlay*
Eric H. Findlay

14