**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LONGITUDE LICENSING LIMITED, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:23-CV-00515-JRG-RSP |
| | § | |
| BOE TECHNOLOGY GROUP CO., LTD., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**DEFENDANT BOE TECHNOLOGY GROUP CO., LTD.'S MOTION
TO VACATE SCHEDULING CONFERENCE AND STAY ALL
DEADLINES ASSOCIATED THEREWITH**

## I.    INTRODUCTION

Defendant BOE Technology Group Co., Ltd. ("BOE") has filed a motion to dismiss or quash based on insufficient service of process under Rule 12(b)(5). (Dkt. No. 13.) That motion remains pending. Meanwhile, on February 9, 2024, the Court issued an Order (Dkt. No. 22; "Order") setting this case for a scheduling conference on March 26, 2024. On February 14, 2024, the Court reset the scheduling conference for March 25, 2024. Among other things, the Order sets a deadline of 2 weeks before the scheduling conference (i.e., March 11, 2024) for Plaintiff Longitude Licensing Limited ("Longitude") to serve its infringement contentions and a deadline of 6 weeks after the scheduling conference (i.e., May 6, 2024) for BOE to serve its invalidity contentions. (Dkt. No. 13 at 2.) Under Rule 26, certain discovery disclosures may depend on the date of the scheduling conference. *See* Fed. R. Civ. P. 26(a)(1)(C).

Longitude failed to file a Notice of Readiness for Scheduling Conference before the Court issued its Order. Although Longitude belatedly filed a Notice (Dkt. No. 25) on February 21, 2024, Longitude's Notice comes well beyond the five-day time limit and thus does not comply with the Court's Standing Order. *See* Standing Order Regarding Readiness for Scheduling Conference dated Dec. 20, 2011. Only after counsel for BOE contacted counsel for Longitude in regard to this motion did Longitude rush to file its Notice, opportunistically seeking to accelerate the schedule in this case before BOE can gain its footing.

However, BOE has not even been properly served with Longitude's complaint in this action, and thus, Longitude has not established that the Court may exercise personal jurisdiction over BOE. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *J.O. Alvarez, Inc. v. Rainbow Textiles, Inc.*, 168 F.R.D. 201, 203 (S.D. Tex. 1996). It would therefore be improper to proceed with the scheduling conference and require BOE to participate in the case, or to otherwise engage in discovery at this juncture. BOE respectfully requests that the

Court vacate the scheduling conference and stay all deadlines associated therewith pending resolution of BOE's motion to dismiss or quash and until BOE is properly served with the complaint.

## II.   ARGUMENT

The U.S. Supreme Court has held that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros.*, 526 U.S. at 350. "In the absence of service of process . . . a court ordinarily may *not exercise power* over a party the complaint names as defendant." *Id.* (emphasis added). "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* "Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forego procedural or substantive rights." *Id.*; *see also J.O. Alvarez*, 168 F.R.D. at 203 ("Valid service of process is required before a court can assert personal jurisdiction over a defendant."). Indeed, this Court has held that "improper service can eliminate a court's jurisdiction." *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-cv-173-JRG, Dkt. No. 90 at 13, 2023 WL 6606722, at *7 (E.D. Tex. Oct. 6, 2023); *see also Rothschild Connected Devices Innovations, LLC v. ADS Security, L.P.*, No. 2:15-cv-1431-JRG-RSP, 2019 WL 4458433, at *6 (E.D. Tex. Aug. 13, 2019) (observing that service is a "procedural requirement").

This District's local rules, while informative, do not compel a contrary result. *See* Local Rule CV-26(a).[1] The Court has recognized that certain circumstances warrant a stay pending a

---

[1] The rule recites, "No Excuses. Except in cases involving qualified immunity or **a court order to the contrary**, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue." (Emphasis added.)

motion to dismiss. *See, e.g.*, *Multimodal Media LLC v. TCL Tech. Grp. Corp.*, No. 2:22-cv-463-JRG-RSP, Dkt. No. 23 (E.D. Tex. Nov. 21, 2023); *Falkon Treasures LLC v. Adidas Am., Inc.*, No. 2:16-cv-653-JRG-RSP, Dkt. No. 29 (E.D. Tex. Sep. 1, 2016). Furthermore, there is no general mandate that the Court cannot relieve a party from procedural impositions (such as participating in a scheduling conference) when it contests service. *Cf. Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988) ("[A] trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion."); *Von Drake v. Nat'l Broadcasting Co., Inc.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (finding good cause to stay discovery where "resolution of preliminary motion may dispose of entire action"). This is consistent with the preference of *some* courts in the Fifth Circuit that it is "the exception rather than the rule" that a stay should be granted pending the resolution of a *12(b)(6)* motion. *See, e.g.*, *N.H. v. Castilleja*, 4:22-cv-436-ALM, Dkt. No. 18, 2023 WL 149989, at *4 (E.D. Tex. Jan. 10, 2023) (collecting cases).

To be clear, this is not a typical case where a defendant has been served with a complaint and has moved to dismiss that complaint under Rule 12 because the complaint is deficient in some way. Rather, BOE has not even been validly served with the complaint in this action. (*See* Dkt. Nos. 13, 17.) Longitude might argue that the Court's typical practice is to set cases for scheduling even when a 12(b)(5) motion is pending. *See, e.g.*, *Liberty Access Techs. Licensing LLC v. ASSA ABLOY AB.*, No. 2:22-cv-507-JRG, Dkt. No. 14 (E.D. Tex. April 18, 2023); *Stingray IP Sols., LLC v. TP-Link Techs. Co., Ltd.*, No. 2:21-cv-45-JRG, Dkt. No. 25 (E.D. Tex. Feb. 15, 2022). Such cases, however, did not involve instances where defendants objected to participating in the scheduling conference. This Court should therefore take this opportunity to confirm that it will vacate a premature scheduling conference once it is apprised of unique circumstances drawing into

question the Court's power to exercise personal jurisdiction over an affected party, as it has done in the past. *See, e.g., Multimodal*, slip op. at 1-2 (vacating scheduling conference and staying all deadlines associated therewith pending resolution of the defendants' motion to dismiss for improper service); *Falkon*, slip op. at 1 (ordering the case stayed and excusing parties from discovery obligations under Local Rule CV-26(a) pending resolution of a motion to dismiss).

To counsel's knowledge, the Federal Circuit has not yet addressed the issue of whether it is appropriate for a case to proceed with scheduling and general discovery when there is a pending motion to dismiss for insufficient service. *Cf. In re: TCL Tech. Grp. Corp.*, 2023 WL 8707441, at *1 (Fed. Cir. Dec. 18, 2023) (denying petition for writ of mandamus but noting that the district court had already decided TCL's motion to dismiss and permitted alternative service). BOE respectfully contends that, if this question were put squarely before the Federal Circuit today, it would conclude that a district court *cannot* exercise personal jurisdiction over a party before resolving whether that party has been properly served. *See Murphy Bros.*, 526 U.S. at 350 ("In the absence of service of process . . . a court ordinarily may *not exercise power* over a party the complaint names as defendant."); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). In this case, BOE has challenged Longitude's service attempts (Dkt. Nos. 13, 17), and Longitude bears the burden of establishing their validity. *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009). Indeed, the Supreme Court has recommended limiting "discovery proceedings at the outset to a determination of jurisdictional matters." *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76-77 (1988).

A motion to dismiss under 12(b)(5) is unique because it alleges that the defendant has not been served with the complaint at all. Accordingly, jurisdiction has not attached, and there should be no "procedural imposition"—such as being required to attend a scheduling conference, participate in the case, or otherwise engage in discovery—on BOE. *See Murphy Bros*, 526 U.S. at 350. BOE has not become "a party officially" to this action and should not be required to "take action in that capacity" at this juncture. *Id.* Thus, the Court should vacate the Order setting the scheduling conference and stay all deadlines associated therewith (such as deadlines for initial disclosures and contentions).

Moreover, the "trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Local rule CV-26(a) sets forth that the Court may excuse a party from responding to discovery by issuing an order to that effect. And indeed, the Court often avails itself of the opportunity to stay such deadlines when the proceedings are premature. *See, e.g.*, *Multimodal*, slip op. At 2; *Falkon*, slip op. at 1; *Blitzsafe Texas, LLC v. Zhejiang Geely Holding Grp. Co., Ltd.*, No. 2:17-cv-420-JRG, Dkt. No. 83 (E.D. Tex. Jun. 27, 2018).

"To determine whether a stay is appropriate a district court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Conquest v. Camber Corp.*, 2014 WL 172500, at *1 (W.D. Tex. Jan. 13, 2014) (internal quotation marks omitted). Staying discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.'" *Von Drake*, 2004 WL 1144142, at *1 (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 436 (5th Cir. 1990)); see also *Hayden v. Com. Litig.*

*Docket*, 2019 U.S. Dist. LEXIS 124769, at *4 (D. Nev. Jul. 26, 2019) (staying discovery pending resolution of defendant's 12(b)(5) motion because "the motion to dismiss implicates the validity of service of process and the court's jurisdiction over [defendant]" and "the court finds it would be inefficient to engage in discovery before these threshold jurisdictional issues are resolved."); *Yaxin Jing v. Angel Tips, Inc.*, 2013 WL 950585, at *2 (E.D.N.Y. Mar. 11, 2013) (noting that court had previously stayed discovery pending resolution of defendant's 12(b)(5) motion).

A stay of discovery and vacatur of the scheduling conference pending resolution of BOE's motion to dismiss is eminently reasonable here. If the motion to dismiss is granted, the case will end, thereby "entirely eliminat[ing]" the need for discovery (or for a scheduling conference). *Conquest*, 2014 WL 172500, at *1. Thus, the Court should stay discovery and vacate the scheduling conference, at least for the time being, because the pending 12(b)(5) motion "might preclude the need for discovery altogether thus saving time and expense." *Von Drake*, 2004 WL 1144142, at *1. If BOE is properly served with the complaint, then the parties can proceed with a scheduling conference and engage in discovery thereafter.

Further, there will be no significant harm to the Court or Longitude in waiting until BOE is properly served before proceeding with the scheduling conference and discovery—and certainly no harm that could outweigh the waste and injustice of requiring BOE to participate in these processes without having been validly served with the complaint. *See, e.g.*, *Murphy Bros.*, 526 U.S. at 350; *J.O. Alvarez*, 168 F.R.D. at 203.

Although a factor-based analysis of "good cause" to stay discovery is unnecessary, *see, e.g.*, *Von Drake*, 2004 WL 1144142, at *1 (finding good cause where "resolution of preliminary motion may dispose of entire action), some of the factors the Court may consider are met here. For example, any discovery obligations foisted on BOE at this time would be overly

6

broad and burdensome considering that the need for any discovery might be entirely eliminated. *Id.* Additionally, BOE's motion to dismiss raises substantial grounds, demonstrating the strength of its dispositive motion. *See Anti-Monopoly, Inc. v. Hasboro, Inc.*, 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996).

## III.    CONCLUSION

For the foregoing reasons, the Court should vacate the scheduling conference and stay all deadlines associated therewith pending resolution of BOE's motion to dismiss or quash, and until BOE is properly served with the complaint.

Dated: February 27, 2024                           Respectfully submitted,

*/s/ Eric H. Findlay*

James R. Barney (LEAD) (*pro hac vice*)
Qingyu Yin (*pro hac vice*)
C. Collette Corser (*pro hac vice*)
Ryan T. Davies (DC Bar No. 1686044)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Ave., N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400
Email: james.barney@finnegan.com
Email: qingyu.yin@finnegan.com
Email: collette.corser@finnegan.com
Email: ryan.davies@finnegan.com

Eric H. Findlay (TX Bar No. 00789886)
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

*Counsel for Defendant BOE Technology Group Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2023, I caused the foregoing **MOTION TO VACATE SCHEDULING CONFERENCE AND STAY ALL DEADLINES ASSOCIATED THEREWITH** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Eric H. Findlay*
Eric H. Findlay


## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he has complied with the meet and confer requirements of Local Rule CV-7(h) and that this motion is opposed.

*/s/ Eric H. Findlay*
Eric H. Findlay

8