**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| LONGITUDE LICENSING LIMITED, | |
| *Plaintiff*, | |
| v. | Civil Action No. 2:23-CV-00515-JRG-RSP |
| BOE TECHNOLOGY GROUP CO., LTD., | ███████████ |
| *Defendant*. | |

**BOE TECHNOLOGY GROUP CO. LTD.'S MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## TABLE OF CONTENTS

I.      Introduction....................................................................................................... 1

II.     Statement of Facts............................................................................................. 2

III.    Legal Standard .................................................................................................. 5

IV.     Argument ........................................................................................................... 7

       A.      The Complaint Does Not Allege That Longitude Has Statutory Standing and Does Not Plead Facts Sufficient to Show Standing ........................................ 7

       B.      Longitude Does Not Possess All Substantial Rights in the Asserted Patents......... 8

▮ ████████████████████████████████████████████

▮ ████████████████████████████████████████████

       C.      Dismissal Is Appropriate Unless the Patent Owner Can Be Joined...................... 14

V.      Conclusion ...................................................................................................... 15

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Abbott Labs. v. Diamedix Corp.*,
   47 F.3d 1128 (Fed. Cir. 1995)....................................................................................14

*Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*,
   604 F.3d 1354 (Fed. Cir. 2010)..................................................................................14

*Allen v. Vertafore, Inc.*,
   28 F.4th 613 (5th Cir. 2022) ........................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .....................................................................................................7

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*,
   434 F.3d 1336 (Fed. Cir. 2006)...............................................................................9, 10

*AsymmetRx, Inc. v. Biocare Med., LLC*,
   582 F.3d 1314 (Fed. Cir. 2009)....................................................................................5

*Azure Networks, LLC v. CSR PLC*,
   771 F.3d 1336 (Fed. Cir. 2014)....................................................................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................7, 8

*Diamond Coating Techs., LLC v. Hyundai Motor Am.*,
   823 F.3d 615 (Fed. Cir. 2016).....................................................................................13

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) ........................................................................................6

*Lone Star Silicon Innovations LLC v. Naya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019)................................................................. *passim*

*Luraco Health & Beauty, LLC v. Tran*,
   No. 4:19-cv-51-SDJ, 2020 WL 2747233 (E.D. Tex. May 27, 2020) ...........6, 12, 13

*Plastronics Socket Partners, LTD v. Hwang*,
   2019 U.S. Dist. LEXIS 32896 (E.D. Tex. Feb. 13, 2019) .....................................11

*PPG Indus. v. Guardian Indus. Corp.*,
   597 F.2d 1090 (6th Cir. 1979) ...................................................................................11

*Prima Tek II, LLC v. A-Roo Co.,*
    222 F.3d 1372 (Fed. Cir. 2000).................................................................7, 9, 10, 14

*Propat Int'l Corp. v. RPost US, Inc.,*
    473 F.3d 1187 (Fed. Cir. 2007)..................................................................... *passim*

*Sicom Sys., Ltd. v. Agilent Technologies, Inc.,*
    427 F.3d 971 (Fed. Cir. 2005)..................................................................................6, 7

*Stenograph Corp. v. Fulkerson,*
    972 F.2d 726 (7th Cir. 1992) .......................................................................................11

*Unarco Indus., Inc. v. Kelley Co., Inc.,*
    465 F.2d 1303 (7th Cir. 1972) .....................................................................................11

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA,*
    944 F.2d 870 (Fed. Cir. 1991)......................................................................................8

**Federal Statutes**

35 U.S.C. § 100(d) ...........................................................................................................5

35 U.S.C. § 281 ................................................................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(6).............................................................................................1, 6

Fed. R. Civ. P. 19 .........................................................................................................15

## I.    INTRODUCTION

Defendant BOE Technology Group Co., Ltd. ("BOE") hereby moves under Federal Rule of Civil Procedure 12(b)(6) for this case to be dismissed because Plaintiff Longitude Licensing Ltd. ("Longitude") lacks statutory standing to bring this suit without being joined by the patent owner 138 East LCD Advancements Ltd. ("138 East").

According to the complaint, Longitude does not own any of the asserted patents in this case.  Dkt. 1, ¶ 36.  Instead, 138 East—a foreign company—owns all the patents.  Although the complaint alleges that Longitude is an exclusive licensee with the exclusive right to enforce the patents, that does not mean it has statutory standing to do so. ███████████████████

██████████████████████████████████████████

███████████████████    ██████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████

Even Longitude's purported rights in the asserted patents fall far short of "all substantial rights" as required for statutory standing. ██████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████

It is not surprising, therefore, that Longitude failed to allege in its complaint that it possesses "all substantial rights" in the asserted patents and that it has statutory standing to bring this lawsuit.  The complaint is conspicuously silent on these points.

To determine statutory standing, the Federal Circuit often focuses on "two salient rights: enforcement and alienation." *Lone Star Silicon Innovations LLC v. Naya Tech. Corp.*, 925 F.3d 1225, 1231 (Fed. Cir. 2019). ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████ Accordingly, this lawsuit should be dismissed unless the patent owner, 138 East, can be joined.

## II.    STATEMENT OF FACTS

On November 8, 2023, Longitude brought suit against BOE alleging infringement of six patents: 7,502,079 ("the '702 patent"), 7,705,948 ("the '948 patent"), 8,223,093 ("the '093 patent"), 9,184,157 ("the '157 patent"), 9,557,606 ("the '606 patent") and 10,181,462 ("the '462 patent") (collectively, "Asserted Patents").  Dkt. 1.  Longitude seeks both legal and equitable remedies, including a permanent injunction. *Id.* at 120-121.  According to the Complaint, 138 East is "the owner" of the Asserted Patents, and it was 138 East—not Longitude—who sent an initial notice letter to BOE regarding BOE's alleged infringement. *Id.* at ¶ 36.  While Longitude alleges it is the "exclusive worldwide licensee of the [Asserted Patents] with exclusive rights to sublicense, enforce, and obtain damages, including past damages, for infringement of the [Asserted Patents]" (*id.* at ¶ 14), it nowhere alleges that it has *standing* to bring this lawsuit or that it possesses "all substantial rights" in the Asserted Patents. ████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████





[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

## III.    LEGAL STANDARD

According to 35 U.S.C. § 281, only "[a] patentee" can bring a civil action for patent infringement.  While a "patentee" is "not only the patentee to whom the patent was issued but also the successors in title to the patentee," it does not include mere licensees.  35 U.S.C. § 100(d); *Lone Star*, 925 F.3d at 1229.

"If the party asserting infringement is not the patent's original patentee, 'the critical determination regarding a party's ability to sue in its own name is whether an agreement transferring patent rights to that party is, in effect, an assignment or a mere license.'" *Lone Star*, 925 F.3d at 1229 (quoting *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1381-1319 (Fed. Cir. 2009)).  For this analysis, the inquiry is "whether the agreement transferred all substantial rights to the patents," which "depends on the substance of what was granted rather than formalities or magic words" and is based on the "totality" of the agreement.  *Id.* (internal quotations and citations omitted).

The Federal Circuit has recognized the following non-exhaustive list of rights when determining the substance of a license:

> (1) the nature and scope of the right to bring suit; (2) the exclusive right to make, use, and sell products or services under the patent; (3) the scope of the licensee's right to sublicense; (4) the reversionary rights to the licensor following termination or expiration of the license; (5) the right of the licensor to receive a portion of the

> proceeds from litigating or licensing the patent; (6) the duration of the license rights; (7) the ability of the licensor to supervise and control the licensee's activities; (8) the obligation of the licensor to continue paying maintenance fees; and (9) any limits on the licensee's right to assign its interests in the patent.

*Luraco Health & Beauty, LLC v. Tran*, No. 4:19-cv-51-SDJ, 2020 WL 2747233 at *6 (E.D. Tex. May 27, 2020) (citing *Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1343 (Fed. Cir. 2014) *vacated on other grounds*, *CSR PLC v. Azure Networks, LLC*, 575 U.S. 959 (2015)).  In *Lone Star*, the Federal Circuit "focused on two salient rights: enforcement and alienation."  *Lone Star*, 925 F.3d at 1231.

As the plaintiff, Longitude must therefore establish that it "obtained all substantial rights" in the Asserted Patents to bring suit on its own.  *Lone Star*, 925 F.3d at 1229; *see also Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005) (plaintiff bears burden of proving standing).  If Longitude cannot demonstrate all substantial rights, dismissal is appropriate unless the patent owner, 138 East, can be joined.  *Lone Star*, 925 F.3d at 1229-1230.

The Federal Circuit has held that a challenge to statutory standing is properly brought as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Lone Star*, 925 F.3d at 1235. When deciding a motion to dismiss under Rule 12(b)(6), courts may consider "documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).  Because Longitude purports to be the "exclusive licensee" with certain "worldwide rights" to the Asserted Patents (Dkt. 1, ¶ 14), the Court may consider the referenced License Agreement in determining whether Longitude has stated a plausible claim.

## IV.    ARGUMENT

### A.    The Complaint Does Not Allege That Longitude Has Statutory Standing and Does Not Plead Facts Sufficient to Show Standing

To survive a motion to dismiss, Longitude must show that it pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Longitude's complaint contains no assertion or allegation that it has statutory standing to bring this lawsuit in its own name, or that it possesses "all substantial rights" in the Asserted Patents. Nor does it plead sufficient facts to infer statutory standing.

In relevant part, the complaint alleges:

> 14.    Longitude is a privately owned intellectual property management company. Among other holdings, Longitude manages and licenses a portfolio of more than 1,000 active patents worldwide directed to display technologies. Longitude is the exclusive worldwide licensee of the Longitude Patents with exclusive rights to sublicense, enforce, and obtain damages, including past damages, for infringement of the Longitude Patents.

Dkt. 1 at 5. As a matter of law, even taking these assertions as true, they are insufficient to demonstrate that Longitude has statutory standing to bring this suit.

The inquiry into whether a license has transferred all substantial rights "depends on the substance of what was granted rather than formalities or magic words." *Lone Star*, 925 F.3d at 1229. Thus, the mere fact that Longitude is the "exclusive worldwide licensee" of the Asserted Patents does not mean it necessarily possesses all substantial rights. *See, e.g., Sicom*, 427 F.3d at 980 (holding that an "exclusive license" did not transfer all substantial rights). Likewise, Longitude's purported exclusive right to sue for infringement is not determinative of whether it possesses all substantial rights. *Prima Tek II, LLC v. A-Roo Co.*, 222 F.3d 1372, 1381 (Fed. Cir.

2000) ("[A] 'right to sue' clause cannot confer standing on a bare licensee . . ."); *Propat Int'l Corp. v. RPost US, Inc.*, 473 F.3d 1187, 1192 (Fed. Cir. 2007) ("It has long been held that a 'right to sue' clause in a contract, unaccompanied by the transfer of other incidents of ownership, does not constitute an assignment of the patent rights that entitles the transferee to sue in its own name.") (citations omitted).

Because Longitude failed to plead sufficient facts in the complaint to show it possesses all substantial rights in the Asserted Patents, it cannot survive this motion to dismiss. *Twombly*, 550 U.S. at 570. But even if the Court looks beyond the complaint to the operative License Agreement, Longitude still cannot prevail because, as explained below, the License Agreement did not transfer all substantial rights to Longitude.

**B.    Longitude Does Not Possess All Substantial Rights in the Asserted Patents**

In evaluating whether "*all* substantial rights" have been transferred, the Federal Circuit has explained that "it is helpful to look at what rights have been retained by the grantor, not only what was granted." *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991) (emphasis in original).

Longitude admits that 138 East is the owner of the Asserted Patents. Dkt. 1, ¶ 36.







The Federal Circuit has explained that the ability to alienate rights to the patents is a "salient" right in determining whether all substantial rights have been transferred. *Lone Star*, 925 F.3d at 1231; *see also Propat*, 473 F.3d at 1191 ("The right to dispose of an asset is an important incident of ownership, and such a restriction on that right is a strong indicator that the agreement does not grant [the transferee] all substantial rights under the patent.").



"The default rule under federal law is that a patent license is not transferable unless the license agreement explicitly allows for such a transfer." *Plastronics Socket Partners, LTD v. Hwang*, 2019 U.S. Dist. LEXIS 32896 at *3-4 (E.D. Tex. Feb. 13, 2019) (citing *Unarco Indus., Inc. v. Kelley Co., Inc.*, 465 F.2d 1303, 1306 (7th Cir. 1972)); *accord Stenograph Corp. v. Fulkerson*, 972 F.2d 726, 729 n.2 (7th Cir. 1992) ("Patent licenses are *not* assignable in the absence of express language."); *PPG Indus. v. Guardian Indus. Corp.*, 597 F.2d 1090, 1093 (6th Cir. 1979) ("It has long been held by federal courts that agreements granting patent licenses are personal and not assignable unless expressly made so.").

11



████████████████████████████████████████████████████████

██████████████████████████████████

### (c)    Longitude's "Exclusive" Rights Are Severely Encumbered

The Federal Circuit has recognized that the "exclusive right to make, use, and sell the invention covered by the patent," is another important right to consider in determining whether a licensee possesses all substantial rights to confer statutory standing. *Luraco*, 2020 WL 2747233 at *6 (citing *Diamond Coating Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 619 (Fed. Cir. 2016)). ██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████    ███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████



Because the License Agreement does not "convey *in full* the right to exclude others from making using, and selling the patented invention in the claimed territory," this weighs against a finding that Longitude possesses all substantial rights necessary for statutory standing. *Prima Tek II,* 222 F.3d at 1379.

### C.    Dismissal Is Appropriate Unless the Patent Owner Can Be Joined

As detailed above, because Longitude does not possess all substantial rights in the asserted patents, it lacks statutory standing to bring this suit in its own name. *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.,* 604 F.3d 1354, 1360 (Fed. Cir. 2010) ("When there is an exclusive license agreement, as opposed to a nonexclusive license agreement, but the exclusive license does not transfer enough rights to make the licensee the patent owner, either the licensee

or the licensor may sue, ***but both of them generally must be joined as parties to the litigation***.")
(emphasis added) (citation omitted). ███████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████

      With the current posture of this case, given that Longitude—the sole plaintiff—lacks statutory standing, the proper course of action is to consider whether the patent owner, 138 East (a foreign company), can be joined under Rule 19 or otherwise. *Lone Star*, 925 F.3d at 1238-39. If it cannot, the case should be dismissed. *Id.*

## V.     CONCLUSION

      For the reasons explained above, the Court should dismiss this case for lack of statutory standing unless the patent owner, 138 East, can be joined as a plaintiff.

Dated: May 9, 2024

Respectfully submitted,

/s/ James R. Barney
James R. Barney (LEAD) (admitted pro hac vice)
Qingyu Yin (admitted pro hac vice)
D. Brian Kacedon (admitted pro hac vice)
Karthik Kumar (admitted pro hac vice)
C. Collette Corser (admitted pro hac vice)
Ryan T. Davies (DC Bar No. 1686044)
Carlos Duarte-Guevara (admitted pro hac vice)
Spencer H. Perkins (admitted pro hac vice)
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
901 New York Ave., N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400
Email: james.barney@finnegan.com
Email: qingyu.yin@finnegan.com
Email: brian.kacedon@finnegan.com
Email: karthik.kumar@finnegan.com

Email: collette.corser@finnegan.com
Email: ryan.davies@finnegan.com
Email: carlos.duarte-guevara@finnegan.com
Email: spencer.perkins@finnegan.com

Eric H. Findlay (TX Bar No. 00789886)
Brian Craft (TX Bar No. 04972020)
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

*Attorneys for Defendant*
*BOE Technology Group Co., Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document

has been served on May 9, 2024 to all counsel of record via electronic mail.

*/s/ Eric H. Findlay*
Eric H. Findlay

16