IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LONGITUDE LICENSING LIMITED, § § *Plaintiff*, § § v. § § BOE TECHNOLOGY GROUP CO., § LTD., § § *Defendant*. § | CIVIL ACTION NO. 2:23-CV-00515-JRG-RSP |

## **MEMORANDUM ORDER**

Before the Court is Defendant BOE Technology Group Co. Ltd.'s Motion for Leave to Serve Amended Invalidity Contentions. **Dkt. No. 98**. BOE seeks to add two projectors—the 5550c and the 810p—as system prior art. *Id.* at 3, 4. Plaintiff Longitude Licensing Limited opposes the Motion. Dkt. No. 102. After consideration, the Court **DENIES** BOE's Motion for the reasons discussed below.

### I. Diligence

The Parties dispute BOE's diligence in discovering and disclosing new prior art. BOE claims that it acted diligently but was hampered by several circumstances. Dkt. No. 102 at 6–9. First, the prior art that BOE has discovered is old and not for sale anymore and thus difficult to find and acquire. *Id.* at 6. Next, the process to tear down and analyze the products is difficult and time consuming. *Id.* at 7. BOE claims that it started with projectors that were less expensive and on sale more recently. *Id.* This process allowed BOE to refine and optimize its search and ultimately discover and analyze the more expensive and older prior art it seeks to add to its invalidity contentions. *Id.* BOE also claims that it has had difficulty with third-party compliance with its discovery requests, that are subject to its pending Motion to Compel. *Id.* at 8; Dkt. No. 91

(BOE's Motion to Compel discovery from Seiko and claiming that Plaintiff asserts control over Seiko). Finally, BOE argues that as soon as it identified and determined the projectors as relevant it let Plaintiff know of its intent to amend its invalidity contentions and expedited the analysis process. *Id.* at 8–9.

Longitude argues that BOE does not adequately explain its reason for not beginning to search for this prior art until September 2024, four months after the deadline to serve invalidity contentions. Dkt. No. 102 at 3.

The Court understands that the process of identifying and analyzing system prior art can be difficult and costly and thus defendants might choose to prioritize their searches on easier to locate and cheaper products. At the same time, the Court does not believe that Defendants may use this process to skirt the Court's deadlines by conducting searches for new products that only begin after the deadline. Ultimately, BOE has not shown that it was sufficiently diligent.

## II. Importance

BOE argues that the system art it seeks to add is important because the "5550c would be BOE's only prior-art based invalidity ground" for the '079 patent. Dkt. No. 98 at 9. BOE also claims it must rely on its own reverse engineering of the 810p. *Id.* The Court believes that at least the 5550c is important to BOE as its only prior-art based invalidity ground.

## III. Prejudice

Plaintiff argues that it will suffer prejudice from these amendments because of the stage of the case. Dkt. No. 102 at 5. Most notably, fact discovery closes on January 22, 2025, and opening expert reports are due on January 31, 2025. *Id.* at 5–6. The Court believes that these late amendments prejudice Plaintiff's ability to respond to them.

## IV. Conclusion

The factors weigh in favor of denial. Accordingly, the Motion is **DENIED**.

**SIGNED this 18th day of December, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE