IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LONGITUDE LICENSING LIMITED, *et al*,<br><br>　　　　*Plaintiffs*,<br><br>v.<br><br>BOE TECHNOLOGY GROUP CO., LTD.,<br><br>　　　　*Defendant*. | §<br>§<br>§<br>§<br>§　　CIVIL ACTION NO. 2:23-CV-00515-JRG-RSP<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM ORDER

Before the Court is the Motion to Exclude Opinions of Dr. Shukri Souri filed by Plaintiffs Longitude Licensing Limited and 138 East LCD Advancements Limited. **Dkt. No. 184.** Dr. Souri is Defendant's invalidity expert. For the reasons discussed below, the Motion is **GRANTED**, except for the final portion.

### I.　　LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have

considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.   ANALYSIS

### A. Dr. Souri's Invalidity Opinions that Do Not Apply the Court's Claim Constructions

First, Plaintiffs move to exclude Dr. Souri's opinions which do not apply the Court's claim constructions. Dkt. No. 184 at 3. Plaintiffs explain that Dr. Souri issued his invalidity report the same day as the Court issued its Claim Construction Order and did not engage with the Court's constructions[1]. *Id.* at 4. Specifically, the Court construed "a channel area that extends in a direction" from Claim 2 of the '079 patent to mean "a channel length that runs between source and drain electrodes." Dkt. No. 129 at 12. Additionally, the Court construed "a first/second semiconductor layer extending in a/the direction" from claim 1 of the '093 patent to mean "a first/second semiconductor layer that runs between source and drain electrodes." *Id.* at 26. These constructions were not proposed by the parties. *Id.* at 7, 23. Nevertheless, in support of his invalidity opinion, Dr. Souri opines that a certain reference discloses "the channel region . . . 'extending in a direction,' . . . under either Longitude's or BOE's claim construction." Dkt. No. 184 at 4; Dkt. No. 184-2 at App'x VII. ¶ 26. Plaintiffs contend that Dr. Souri fails to apply the Court's constructions for other invalidity opinions regarding the '079 and '093 patents. Dkt. No. 184 at 5. Ultimately, Plaintiffs argue that Dr. Souri's failure to apply the Court's claim constructions render his opinions improper and unreliable and thus they should be excluded. *Id.*

BOE responds that Dr. Souri's opinions are consistent with the Court's claim constructions and thus should not be stricken. Dkt. No. 204 at 1. BOE argues that the inquiry is one of substance not of form and that the expert need not use the Court's exact words in his analysis. *Id.* at 2 (citing *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2016 WL 3475688,

---

[1] The Claim Construction Order was filed at 10:14 a.m. on February 4, 2025. Defendant did not seek leave for additional time for its expert to apply the constructions contained therein.

at *4 (E.D. Tex. Jan. 7, 2016)). In its Response, BOE explains how Dr. Souri's analysis is consistent with the Court's constructions. *Id.* at 2–4.

"Expert opinions that contradict or disregard a court's claim constructions should be excluded." *Genband*, 2016 WL 3475688, at *4. Where the Court construes claim limitations and an expert does not even acknowledge the Court's construction, the expert's opinion is unreliable and unhelpful to the jury and thus must be excluded. Here, Dr. Souri's analysis of the claim "under either Longitude's or BOE's claim construction" is particularly inappropriate because the Court rejected both of those constructions. Dkt. No. 129 at 11, 26 (for the '079 patent: "The Court is not persuaded by BOE's proposed construction and therefore rejects it"; for the '093 patent: "Accordingly, the Court is not persuaded by BOE's proposed constructions and therefore rejects them.").[2] Allowing experts to analyze claims under rejected constructions would render the entire claim construction process a waste of time. This is not a situation like in *Genband*, where the expert failed to use the Court's exact words, but still applied its construction. 2016 WL 3475688, at *4–*5 ("[H]e opines that a particular data structure in the accused product satisfies *the Court's construction*.") (emphasis added). Rather, Dr. Souri plainly disregards the Court's construction. BOE cannot now save Dr. Souri's opinions through attorney argument, or by relying on Dr. Souri's later deposition. The Court **STRIKES** Paragraphs 25–27, and 75–77 of App'x VII, and 51–52 of App'x IX of the Opening Report of Dr. Souri for failing to apply the Court's claim constructions.

### B. Dr. Souri's Opinions Regarding Alleged Benefits of BOE's Accused Products

Next, Plaintiffs seek to exclude Dr. Souri's opinions regarding the alleged benefits of BOE's accused products as "hearsay untethered to any expert opinion that Dr. Souri is providing."

---

[2] Plaintiff argued that no constructions were necessary. Dkt. No. 129 at 7, 23. The Court construed the terms, thus rejecting Plaintiff's positions.

Dkt. No. 184 at 5–6. Plaintiffs contend that Dr. Souri's opinions merely parrot fact testimony from BOE's witness, Dr. Wang. *Id.* at 6. Plaintiffs argue that Dr. Souri testified at deposition that he did not know whether he had ever used a BOE panel himself. *Id.*

BOE responds that rather than relying exclusively on conversations with Dr. Wang—Dr. Souri relied on his experience and documents produced in this case as well. Dkt. No. 204 at 5. Moreover, BOE argues that there is nothing improper about an expert relying on hearsay "so long as the information is the sort reasonably relied upon in the experts' field." *Id.* (quoting *Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 523 (5th Cir. 2013)). BOE contends that the proper remedy here is cross-examination not exclusion. *Id.* at 6. Furthermore, BOE argues that Dr. Souri should be able to use this contested opinion to explain to the jury that "BOE's products are not comparable to the asserted patents . . ." *Id.* at 6–7.

In Reply, Plaintiffs reiterate that Dr. Souri does not actually have any experience with the accused products and thus BOE's contentions regarding his experience are inapposite. Dkt. No. 216 at 1. Further, Plaintiffs point out that Dr. Souri does not identify any specific documents he relies upon for his opinion in his report. *Id.* at 2. Plaintiffs also dispute the effectiveness of cross-examination in this scenario because "BOE has not committed to bringing Dr. Wang to trial." *Id.*

In Sur-reply, BOE claims that Longitude had the opportunity to depose Dr. Souri but failed to ask him what documents he relied on and thus these arguments go to weight not admissibility. Dkt. No. 228 at 1–2.

The Court begins with the unremarkable proposition that "an expert witness may not simply summarize the out-of-court statements of others as his testimony.... An expert who parrots an out-of-court statement is not giving expert testimony; he is a ventriloquist's dummy." *Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*, No. 2:15-cv-512-WCB, 2017 WL 1319553, at *9

5

(E.D. Tex. Apr. 10, 2017) (Bryson, J.) (quoting *United States v. Brownlee*, 741 F.3d 479, 482 (7th Cir.2014)).

> **B.  Benefits of BOE's Products**
>
> 232.  BOE's Accused Products confer specific benefits that are unlike those claimed or described in the Asserted Patents. My understanding is based on my experience and conversation with Dr. Wang. These include, but are not limited to:
>
> a.  *Tablet*: BOE's tablet displays have a high resolution, which can exceed 4k, a wide color gamut (of 96% ntsc), and front light source reflective display technology (RLCD). BOE's tablet displays are also available in a range of sizes (7.0-inch to 18.5-inch medium-sized mobile products) and are available in an ultra-thin tablet with narrow borders and integrated touch display, which are convenient for customers.
>
> b.  *Monitors:* BOE's monitor displays have high image quality and high refresh rate. They are also available in a range of sizes, from 18.5 inches to 43 inches, have a borderless design, wide viewing angles and a low power consumption.
>
> c.  *TVs:* BOE's TV displays have high image quality, high resolutions of 8K and 10K, are capable of ultra HD. These displays also have a range of product sizes from 23.6 inches to 110 inches and a narrow border.
>
> d.  *Laptops:* BOE's laptop displays have high refresh and response rates, high resolution and high brightness. These laptop displays are also available in a range of sizes (from 11.6 inches to 18.4 inches), have integrated touch control, narrow borders, and are lightweight.

The entirety of Dr. Souri's challenged opinion is reproduced below:

Dkt. No. 184-3 at ¶ 232. Dr. Souri provides two bases for his opinions: (1) his experience, and (2) conversation with Dr. Wang. If Dr. Souri has relevant experience and expertise relating to the BOE products, then his opinions relying on conversations with Dr. Wang and applying his expertise may be helpful to the jury. Otherwise, Dr. Souri would merely be impermissibly parroting hearsay.

After reviewing Dr. Souri's deposition, the Court finds that Dr. Souri has no particular experience with BOE products, and he is relying exclusively on conversations with Dr. Wang:

```
4    Q  Have you personally used a tablet with a
5    BOE display panel?
6    A  I've used and worked on many panels.
7    But used a BOE panel?  I can't tell you one way or
8    another.
9    Q  How about a BOE -- I guess that's the
10   same across all of these product categories; I'm
11   sure you've used a lot of tablets, monitors, TVs,
12   laptops over your lifetime, but you can't say one
13   way or another whether it was a BOE panel or not?
14   A  I can't tell you right now that I've
15   confirmed a particular BOE product.
```

Dkt. No. 184-10 at 105. In summary, to support his opinions about the benefits of BOE's products Dr. Souri claims he is relying on his experience and conversations with Dr. Wang, but Dr. Souri cannot confirm that he has any experience with BOE products, and he does not cite any BOE documents. Thus, Dr. Souri can only be relying on his conversations with Dr. Wang. The Court finds this to be impermissible parroting of hearsay and thus **STRIKES** paragraph 232. BOE may attempt to have Dr. Wang testify to these benefits from his knowledge—and be subject to cross examination—but may not have Dr. Souri testify on these benefits.

### C. Opinions Regarding Technical Comparability of Licenses

Next, Plaintiffs seek to exclude Dr. Souri's opinions on certain licenses he opines are technically comparable, because his opinions are conclusory and unsupported. Dkt. No. 184 at 7. Plaintiffs explain that the Vista Prak and Sanyo licenses involve different patents and Dr. Souri does not provide any claim analysis to support his opinion on comparability. *Id.* at 8.

BOE responds that Dr. Souri has done enough analysis and all of Plaintiffs' arguments go to weight not admissibility. Dkt. No. 204 at 7–8.

The Court finds that Dr. Souri's opinions are too conclusory to be helpful to the jury and thus should be stricken. First, Dr. Souri opines that he had reviewed "certain patents" from each of the two licenses. Dkt. No. 184-3 at ¶ 233. In the subsequent two paragraphs he lists the patents he has reviewed from the two licenses. *Id.* at ¶¶ 234–35. Then his final paragraph states his conclusion:

> It is my opinion that the Asserted Patents represent at most incremental changes to a known industry. In my opinion, the patents that were licensed to BOE from each of Vista Peak and Sanyo also represent incremental improvements over the state of the art. The improvements contained in the patents that I reviewed from the Vista Peak and Sanyo licenses are comparable to those in the Asserted Patents and are at least as technically important to the accused products as alleged improvements in the Asserted Patents.

*Id.* at ¶ 236. Dr. Souri provides no reasoning or analysis for his opinions in his report. "Conclusory opinions unsupported by 'facts or data' and based on no discernable 'principles and methods' are not admissible under FED. R. EVID. 702." *Genband*, 2016 WL 3475688, at *2. The Court thus **STRIKES** Paragraphs 233-236 of Dr. Souri's report.

### D.  NIA Opinions

Next, Plaintiffs move to strike Dr. Souri's non-infringing alternatives opinions because they appear for the first time in Defendant's rebuttal report even though NIAs are Defendant's burden. Dkt. No. 184 at 10. Plaintiff argues that it is the practice of this Court to strike NIA opinions that appear for the first time in defendants' rebuttal reports. *Id.*[3] Plaintiffs explain that

---

[3] *Force Mos Tech. Co., Ltd. v. Asustek Computer, Inc.*, Case No. 2:22-CV-00460-JRG, Dkt. No. 317 at 2 (E.D. Tex. Dec. 2, 2024; *Smart Path Connections, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-0296-JRG-RSP, 2024 WL 1096138, at *4–5 (E.D. Tex. Mar. 13, 2024); *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-00343-JRG-RSP, 2024 WL 1289821, at *3–5 (E.D. Tex. Mar. 26, 2024).

they are prejudiced because they do not have the opportunity to provide a rebuttal report to Dr. Souri's NIA opinions under this Court's rules. *Id.* at 11.

BOE responds that it could not have provided its NIA opinions before it understood the full scope of Plaintiffs' infringement theory which was not provided until Plaintiffs' opening expert report on the subject. Dkt. No. 204 at 10. BOE argues that this Court has allowed NIAs to appear in Defendants' rebuttal report when they are "in direct rebuttal" to an opening expert report. *Id.*[4] BOE claims that its NIA opinions are in response to Plaintiffs' damages expert opining that the lack of NIAs would have an upward impact on his reasonable royalty analysis. *Id.* at 11. BOE further argues that Longitude faces negligible prejudice because it had the chance to depose Dr. Souri and Mr. Ratliff (BOE's damages expert who relies on Dr. Souri's NIA opinions for his own).

The Court finds that BOE's disclosure of its NIA opinions in its rebuttal report is untimely and thus should be stricken. NIAs are Defendant's burden, thus opinions regarding NIAs should be in Defendant's opening report. *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-00343-JRG-RSP, 2024 WL 1289821, at *4 (E.D. Tex. Mar. 26, 2024). If Plaintiff raises an NIA issue in its opening report, Defendant may rebut that opinion, but that does not excuse it from raising an issue on which it has the burden in its opening report. Accordingly, Paragraph 209 of Dr. Souri's report is **STRICKEN**.

### E. New Invalidity Opinions Disclosed in Deposition

Finally, Plaintiffs move to strike certain parts of Dr. Souri's deposition testimony that were not timely disclosed in his expert report. Dkt. No. 184 at 12.

In this Court, experts are bound to the four-corners of their reports, thus to the extent that Dr. Souri's deposition testimony goes beyond the scope of his report that testimony will not be

---

[4] *Mojo Mobility, Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-00398-JRG-RSP, 2024 WL 3527240 (E.D. Tex. July 24, 2024); *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-CV-203-JRG-RSP, 2024 WL 326591 (E.D. Tex. Jan. 27, 2024).

admissible. Plaintiffs, however, do not explain how this testimony will play any role at the trial of this case. The Court thus **DENIES** this portion of the Motion, without prejudice to a contemporaneous objection if the testimony exceeds the scope of the expert's report.

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** the Motion, except for Section II(E), above.

**SIGNED this 20th day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE