IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LONGITUDE LICENSING LIMITED, *et al*, § § §<br><br>*Plaintiffs*, § § §<br>v. § § §<br>BOE TECHNOLOGY GROUP CO., LTD., § § § §<br>*Defendant*. | CIVIL ACTION NO. 2:23-cv-0515-JRG-RSP |

### MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion to Exclude Opinions of Mr. Alan Ratliff filed by Plaintiffs Longitude Licensing Limited and 138 East LCD Advancements Limited. **Dkt. No. 185.** Mr. Ratliff is Defendant BOE's damages expert. For the reasons discussed below, the Motion is **GRANTED** to the extent provided herein.

### I.    LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have

considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

2

## II.  ANALYSIS

### A.  Benefits Opinions Relying on Dr. Souri's Report

First, Plaintiffs move to exclude Mr. Ratliff's opinions which rely on BOE's other expert, Dr. Souri, based upon Plaintiffs' concurrently filed Motion to Strike that opinion from Dr. Souri's report. Dkt. No. 185 at 2; Dkt. No. 184 at 5–7. Plaintiffs argue that "[i]n the absence of Dr. Souri's testimony, Mr. Ratliff's opinion regarding alleged benefits of the BOE accused products is unsupported and should therefore be excluded." Dkt. No. 185 at 3.

BOE responds that Dr. Souri's opinions should not be stricken and that Mr. Ratliff's methodology is reliable even in the absence of Dr. Souri's opinions. Dkt. No. 203 at 1. BOE argues that under Rule 703 an expert may rely on inadmissible facts or data so long as those facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions." *Id.* at 2. (quoting *Monsanto Co. v. David*, 516 F.3d 1009, 1016 (Fed. Cir. 2008)). BOE further argues that in addition to Dr. Souri's report, the information that Mr. Ratliff relies upon was disclosed in BOE's interrogatory response. *Id.*

The Court **STRIKES** Paragraph 78 of Mr. Ratliff's report because it relies exclusively on a portion of Dr. Souri's report that the Court has excluded in a separate order. Dkt. No. 242 at 5–7. Dr. Ratliff starts this paragraph "As described in Dr. Souri's report . . ."—and then goes on to replicate the stricken content from Dr. Souri's report. Contrary to BOE's argument, Mr. Ratliff does not identify any other source for this information. Thus, the Court strikes this paragraph for the same reasons it strikes it from Dr. Souri's report.

### B.  Mr. Ratliff's Reference to Alleged Non-Infringing Alternatives

Next, Plaintiffs move to exclude Mr. Ratliff's opinions regarding non-infringing alternatives based on their concurrently filed motion to strike those opinions from Dr. Souri's

report. Dkt. No. 185 at 3; *see* Dkt. No. 184 at 10–11. BOE reiterates its response to the Motion to Strike Dr. Souri's opinion. Dkt. No. 203 at 3–5: Dkt. No. 204 at 10–12. In a separate order, the Court has stricken Dr. Souri's NIA opinions. Dkt. No. 242 at 9. Mr. Ratliff's opinion rises and falls with Dr. Souri's. Thus, the Court **STRIKES** Mr. Ratliff's NIA opinions found in Paragraphs 40, 77, 88 of his report.

### C. Mr. Ratliff's Opinions Relating to the Sanyo and Vista Peak Licenses

Next, Plaintiffs seek to exclude Mr. Ratliff's opinions on comparable licenses that rely on Dr. Souri's technical opinions that Plaintiff separately sought to strike. Dkt. No. 185 at 4; Dkt. No. 184 at 7–9. BOE repeats its arguments in opposition to Plaintiffs' motion to exclude Dr. Souri's opinions on this topic Dkt. No. 203 at 5–6. In a separate order, the Court has stricken Dr. Souri's opinions regarding the comparability of the Sanyo and Vista Peak licenses. Dkt. No. 242 at 8. Mr. Ratliff's opinions here again rise and fall with Dr. Souri's. Thus, the Court also **STRIKES** Mr. Ratliff's opinions on the Sanyo and Vista Peak licenses. This includes section (b) and (c) of Paragraph 39, sections (b) and (c) of Paragraph 60, Paragraphs 63–64, references to Sanyo and VPV in bullet number 5 of Paragraph 70, Paragraph 114, and Paragraph 140.

### III. Conclusion

The Court **GRANTS** the Motion based on its previous Order to strike portions of Dr. Souri's report, as provided above.

**SIGNED this 23rd day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE