## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |  |
|---|---|---|
| LONGITUDE LICENSING LIMITED AND 138 EAST LCD ADVANCEMENTS LIMITED, | § § § § § § | |
| *Plaintiffs*, | § | CASE NO. 2:23-CV-00515-JRG-RSP |
| v. | § | |
| BOE TECHNOLOGY GROUP CO., LTD., | § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Motion to Amend Judgment Under Rule 59(e) to Include Prejudgment and Post-Judgment Interest (the "Motion") filed by Plaintiffs Longitude Licensing Limited and 138 East LCD Advancements Limited ("Plaintiffs"). (Dkt. No. 359.) Having considered the Motion, the Court finds that it should be and hereby is **GRANTED AS MODIFIED**.

## I.    BACKGROUND

Plaintiffs filed the above-captioned suit against Defendant BOE Technology Group Co., Ltd. ("BOE") on November 8, 2023, alleging infringement of six patents. (Dkt. No. 1 at ¶ 1.) The case proceeded to trial from January 9, 2026 to January 15, 2026. (Dkt. Nos. 338-43.) At trial, Plaintiffs alleged infringement of U.S. Patent Nos. 7,705,948 (the "'948 patent"); 8,223,093 (the "'093 patent"); and 10,181,462 (the "'462 patent"). (Dkt. No. 343.) The jury found infringement of all asserted claims, and that none of the asserted claims are invalid. (*Id*. at 4-5.) The jury awarded Plaintiffs a lump-sum damages award of $29,717,789 for the '948 patent, $7,429,449 for the '093 patent, and $29,717,789 for the '462 patent—for a total damages award of $66,865,027. (*Id*. at 6-7.) The jury further found that BOE's infringement of all three patents was willful. (*Id*. at 8-9.)

## II.    LEGAL STANDARD

The Supreme Court has established that "prejudgment interest should be awarded under § 284 absent some justification for withholding such an award." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). "The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court." *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986). In exercising that discretion, courts are to consider "the purpose of prejudgment interest, which is 'to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement.'" *Id.*, quoting *Devex*, 461 U.S. at 655.

Additionally, "[p]ost-judgment interest applies to patent cases and is mandatory." *Whirlpool Corp. v. TST Water LLC*, No. 2:15-cv-01528-JRG, 2018 WL 1536874, at *12 (E.D. Tex. Mar. 29, 2018).

## III.    ANALYSIS

BOE does not dispute that Plaintiffs are entitled to prejudgment and post-judgment interest, but does dispute the rate of prejudgment interest, the date from which prejudgment interest should run, and the calculation of post-judgement interest. The Court takes up each issue in turn below.

### A.  Prejudgment Interest

#### 1.  Rate of Prejudgment Interest

Plaintiffs seek an award of prejudgment interest at the prime rate, compounded quarterly. (Dkt. No. 359 at 2.) BOE responds that an award of prejudgment interest at the 5-year T-Bill rate, compounded annually, is more appropriate in this case. (Dkt. No. 364 at 1.)

"[T]his Court and many others typically award prejudgment interest set at the T-Bill rate," absent a "compelling reason to depart from that practice." *Collision Commc'ns v. Samsung Elecs.*

*Co. Ltd. et al*, No. 2:23-cv-00587-JRG, 2026 WL 2058917, at \*2 (E.D. Tex. July 16, 2026). The Court does not find that Plaintiffs present any compelling reason which requires a departure from this typical practice in this case. Accordingly, the Court finds that Plaintiffs' prejudgment interest award should be and hereby is set at the 5-year T-Bill rate, compounded quarterly.

### 2.  Date of Prejudgment Interest

Plaintiffs assert that their prejudgment interest award should be measured from November 19, 2019—the agreed-upon date of the hypothetical negotiation—as the date of BOE's first infringement. (Dkt. No. 359 at 3.) BOE responds that prejudgment interest should instead run "on a patent-by-patent basis from the respective dates Plaintiffs provided notice of each patent to BOE." (Dkt. No. 364 at 3.) In support of its position, BOE "incorporates… by reference" arguments from its co-pending JMOL regarding BOE's liability for damages prior to the dates Plaintiffs provided actual notice of infringement of the asserted patents to BOE. (*Id.*; *see also* Dkt. No. 360.)

The Court finds that this Motion is not the proper time to take up BOE's issues raised as part of its JMOL regarding damages. The Court finds that the hypothetical negotiation date is the proper date from which the prejudgment interest should run as the jury's verdict and the Court's judgment currently stands, since "[i]n general, the date of the hypothetical negotiation is the date that the infringement began" for the purpose of assessing damages. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 75 (Fed. Cir. 2012). The issue regarding BOE's liability for damages prior to the dates Plaintiffs provided actual notice of infringement of the asserted patents to BOE is **carried**, to be taken up when the Court considers BOE's JMOL Motion (Dkt. No. 360).

**B. Post-Judgment Interest**

The parties only dispute the award of post-judgment interest to the extent they dispute the proper award of prejudgment interest, given that post-judgment interest accrues on the entire award set forth in the judgment (including prejudgment interest). (Dkt. Nos. 359 at 4, 364 at 5; *see also Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co.*, No. 2:15-cv-01202-WBC, 2017 WL 2190055, at *10 (E.D. Tex. May 18, 2017).)

The Court awards post-judgment interest as set forth in 28 U.S.C. § 1961, as applied to the total amount of the judgment for damages plus prejudgment interest as set forth herein.

**IV.    CONCLUSION**

For the reasons stated herein, the Court finds that Plaintiffs' Motion (Dkt. No. 359) should be and hereby is **GRANTED AS MODIFIED**.

**So ORDERED and SIGNED this 23rd day of July, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE